

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable William J. Lawson
Secretary of State
Austin, Texas

O-6745

Dear Sir:     Attention:  Claude ............,
                          Assistant Secretary of State.

Opinion No. O-4737
Re:  The right of a person, who has no
     personal interest in nor authorized
     by the corporation, to inspect and
     obtain data from ledger sheet accounts
     of the Franchise Tax Division of the
     Office of the Secretary of State.

       We have received and considered your request for an
opinion from this Department.  We quote from your request:

       "Some time ago judgment was entered in favor of
    the Pan-American Refining Company, plaintiffs in a suit
    against the Secretary of State, to recover additional
    franchise taxes paid under protest, which had been
    assessed on the basis of certain gross receipts claimed
    as being derived from business done in Inter-State Com-
    merce, judgment was entered in favor of the plaintiffs
    represented in the class action suit brought by the
    Southern Pine Lumber Company in Cause No. 60266 and
    consolidated suits in the 98th District Court of Travis
    County to recover additional franchise taxes paid under
    protest, which also had been assessed on the basis of
    certain gross receipts claimed as being derived from
    business done in Inter-State Commerce.  The plaintiffs
    represented in the Southern Pine Lumber Company suit
    are members of the Texas State Manufacturers Associa-
    tion.  The Association has asked permission of the
    Secretary of State to allow one of their representa-
    tives to inspect the ledger sheets of this office for
    the purpose of compiling a list of the corporations who
    are not members of the Texas State Manufacturers Associa-
    tion and who paid, without protest, the additional fran-
    chise tax assessed in 1938 on the basis of 100% of their
    gross receipts being derived from business done in Texas.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable William J. Lawson, page 2

"Under Art. 7089 of the Revised Statutes which says in part: 'said report shall be deemed to be privileged and not for inspection by the general public', etc., would this office have the authority to permit inspection of the ledger account of these corporations?"

Article 7089 of the Revised Civil Statutes of Texas, 1925, as amended, and referred to in your letter, reads as follows:

". . . Said report shall be deemed to be privileged and not for the inspection of the general public, but a bona fide stockholder owning one per cent (1%) or more of the outstanding stock of any corporation, may examine such returns upon presentation of evidence of such ownership to the Secretary of State. No other examination, disclosures, or use, shall be permitted of said reports except in the course of some judicial proceedings in which the State is a party or in a suit by the State to cancel the permit or forfeit the charter of such corporation or to collect penalties for a violation of the laws of this State, or for information of any officer, of this State charged with the enforcement of its laws, including the Comptroller of Public Accounts, State Auditor and the State Tax Commissioner. . . ."

We have carefully examined Chapter 3 of Title 122 of the Revised Civil Statutes of Texas, and we have been unable to find any statute which specifically makes a ledger sheet account a public record and open to the inspection of the general public.

We are advised by your Department that the ledger sheets are used in International tabulating machines and contain a recapitulation, or at least reflect some of the data, which is shown by the franchise tax report required to be filed under Chapter 3 of said Title 122 of the Revised Civil Statutes of Texas. It will show a composite record of data, dates, other material and pertinent information used by your office in making its calculation to show the amount of franchise tax due, the dates of any payment thereof, the amount, if any, paid under protest and any amount which might be back assessed by the Secretary of State or any amount which might be assessed in addition to the amount of tax as calculated by the corporation in its franchise tax report filed with the Secretary of State. It will, in a proper case where the

Honorable William J. Lawson, page 3

corporation has become delinquent in the payment of its franchise taxes, show the date and the action of the Secretary of State in forfeiting the corporation's right to do business in the State, in the manner specifically provided in Article 7091 of said Chapter 3 of Title 122, R.C.S. of Texas.

We are compelled to the conclusion that the legislature intended, by the enactment of Article 7089, supra, to prevent the general public from having access to the franchise tax reports required to be filed with the Secretary of State by any domestic or foreign corporation, and in addition thereto that the scope of the statute would apply to any other records which reflect any data or information taken from said franchise tax report. It is evident that the legislative purpose in providing that the reports should be privileged from general public inspection was primarily designed to prevent persons from inquiring into the financial status of a corporation, possibly to its embarrassment, and that such an inspection was prohibited in the interest of public policy. We believe that the ledger sheets of each corporation account are entitled to the same immunity from inspection. To hold otherwise would, we think, be authorizing that to be done indirectly which is directly and expressly forbidden by the statute. There is nothing to prevent a person, who is familiar with the tax rate, and who is given the total amount of the tax assessed by the Secretary of State, from figuring back to the capital structure of a corporation, which is among the things the statute was designed to prevent.

It is clear that under the facts presented by you the person desiring to inspect the ledger sheets does not purport to be a stockholder owning one per cent (1%) or more of the outstanding stock of any corporation. Neither do the facts show that said applicant comes within any of the other specific exceptions of the privilege rule announced in said Article 7089, supra.

It follows, from what we have said, that your question must be specifically answered in the negative.

Honorable William J. Lawson, page 4


        We trust that in this manner we have fully
answered your inquiry.

                              Yours very truly

                              ATTORNEY GENERAL OF TEXAS

                          By *Harold McCracken*

                              Harold McCracken
                              Assistant

HMcC:AMM


        APPROVED SEP 3, 1942

        *Gerald C. Mann*

        ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN